IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CASSIE D.,
  Plaintiff,

v.                                                        Civil No. 3:22cv659 (DJN)

MARTIN O'MALLEY,
Commissioner of the
Social Security Administration,
  Defendant.

## FINAL MEMORANDUM ORDER
### (Adopting Report and Recommendation)

In this action, Plaintiff Cassie D. ("Plaintiff") seeks review of the Commissioner of the Social Security Administration's (the "Commissioner") decision to deny her Title II application for disability insurance benefits and Title XVI application for Supplemental Security Income. This matter comes before the Court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation ("Objection" (ECF No. 27)), objecting to the Report and Recommendation (ECF No. 26) entered by Magistrate Judge Summer L. Speight on February 12, 2024, which recommended that Plaintiff's Motion for Summary Judgment (ECF No. 16) be denied, Defendant's Motion for Summary Judgment (ECF No. 20) be granted and the final decision of the Commissioner be affirmed. For the reasons set forth below, the Court finds that Plaintiff's Objection lacks merit and therefore DENIES Plaintiff's Motion for Summary Judgment (ECF No. 16), GRANTS Defendant's Motion for Summary Judgment (ECF No. 20) and ADOPTS the Report and Recommendation of the Magistrate Judge (ECF No. 16) as the opinion of the Court.

## I. PROCEDURAL HISTORY

On February 26, 2024, Plaintiff filed her Objection (ECF No. 27), which objected to the Report and Recommendation on the ground that the Administrative Law Judge ("ALJ") erroneously omitted an absenteeism limitation. (*Id.* at 2.) On March 6, 2024, the Commissioner filed Defendant's Response to Plaintiff's Objection (ECF No. 28), arguing that Magistrate Judge Speight correctly found that substantial evidence supports the ALJ's determination that Plaintiff's impairments did not warrant an absenteeism limitation, and that the ALJ properly evaluated the medical opinion evidence consistent with the regulations. (*Id.* at 3.) Plaintiff elected not to file a Reply, and the time to do so has elapsed, thereby rendering this matter ripe for review.

## II. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition that a party has properly objected to. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting a *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be

somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In reviewing for substantial evidence, courts may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.*

### III. ANALYSIS

Plaintiff contends that the ALJ erroneously omitted an absenteeism limitation, because the "record contain[s] opinions from four different mental health sources who all identify problems with maintaining attendance." (Obj. at 3.) According to Plaintiff, "the ALJ attempted to dismantle each of those opinions, piece by piece, in a vacuum." (*Id.*) The Court disagrees and thus OVERRULES Plaintiff's Objection.

After conducting a *de novo* review of the administrative record and considering in detail Plaintiff's Objection and Motion for Summary Judgment, the Court finds the Report and Recommendation well-reasoned and supported by the record and applicable law. As Magistrate Judge Speight explained, the ALJ properly considered Plaintiff's attendance issues, assessed the record and medical opinion evidence in accordance with the regulations, and made findings supported by substantial evidence. (R. & R. at 16–24.) "The ALJ acknowledged the opinions that included an absenteeism limitation, found them unpersuasive, and explained his reasoning and supporting evidence for the same." (*Id.* at 24 (citing R. at 20–22).) Moreover, "[f]ar from considering medical opinion evidence in a vacuum, . . . the ALJ properly considered such opinion evidence alongside Plaintiff's medical record, including treatment records, clinical findings, Plaintiff's testimony and function reports, and other medical opinion evidence." (R. & R. at 24 (citing R. at 20–22).) Even if this Court would reach a different conclusion or

weigh the evidence differently, it must accept the Commissioner's decision as long as it is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

## V. CONCLUSION

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching that decision. Accordingly, the Court hereby ORDERS that:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 26) is ACCEPTED and ADOPTED as the OPINION of the Court;

2. Plaintiff's Motion for Summary Judgment (ECF No. 16) is hereby DENIED;

3. Defendant's Motion for Summary Judgment (ECF No. 20) is hereby GRANTED;

4. The decision of the Commissioner is hereby AFFIRMED; and

5. This case is now CLOSED.

Let the Clerk file this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: March 25, 2024